UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CLARK COUNTY SCHOOL DISTRICT,<br><br>Plaintiff,<br><br>v.<br><br>TRAVELERS CASUALTY and SURETY COMPANY OF AMERICA,<br><br>Defendants. | Case No. 2:13-cv-01100-JCM-PAL<br><br>ORDER |

Presently before the court is defendant Travelers Casualty and Surety Company of America's (hereinafter "defendant") motion for partial judgment on the pleadings. (Doc. # 36.) Plaintiff Clark County School District (hereinafter "plaintiff") filed a response, (doc. # 40), and defendant filed a reply, (doc. # 47.)

Also before the court is plaintiff's motion for partial summary judgment. (Doc. # 37.) Defendant filed a response, (doc. # 42), and plaintiff filed a reply, (doc. # 49.)

Also before the court is defendant's motion for a continuance as to plaintiff's motion for partial summary judgment under Federal Rule of Civil Procedure 56(d). (Doc. # 43.) Plaintiff filed a response, (doc. # 50), and defendant filed a reply, (doc. # 51).

**I.    Background**

In 2007, plaintiff determined that many of its elementary schools required modernizations, including changes to heating, ventilating, and air conditioning ("HVAC") systems. (Doc. # 9.) In early 2010, plaintiff began advertising and accepting bids to complete the projects. (Doc. # 9.) Pursuant to Nevada Revised Statute 338, the contracts for the projects required performance bonds to protect against contractor default. (Doc. # 9.)

Big Town Mechanical ("BTM") submitted the lowest bids for all fifteen school projects. (Doc. # 9.) Plaintiff awarded the contracts to BTM. (Doc. # 9.) Defendant issued performance bonds

for each project.  (Doc. # 9.)  The bonds incorporate the terms of the contracts, including liquidated damage and warranty provisions.  (Doc. # 9.)  They also obligate defendant to arrange for completion or correction of any projects upon default by BTM.  (Doc. # 9.)

In fall 2010, plaintiff declared BTM in default on certain project obligations.  (Doc. # 9.)  In or around May 2013, BTM filed for chapter 7 bankruptcy protection.  (Doc. # 9.)  BTM eventually defaulted on all projects.  (Doc. # 9.)  Defendant then refused to fulfill its duties under the bonds, and the project work remained unfinished.  (Doc. # 9.)

On June 21, 2013, plaintiff filed the instant action.  (Doc. # 1.)  On August 19, 2013, plaintiff filed an amended complaint alleging five causes of action: (1) mandatory injunction to compel specific performance; (2) breach of contract; (3) contractual breach of the covenant of good faith and fair dealing; (4) tortious breach of the covenant of good faith and fair dealing; and (5) declaratory relief.  (Doc. # 9.)

On September 6, 2013, defendant filed an answer to plaintiff's amended complaint.  (Doc. # 10.)  On February 3, 2014, the parties filed a stipulation to stay the action to allow defendant to complete the project work.  (Doc. # 24.)

On March 21, 2014, plaintiff filed a motion for partial summary judgment.  (Doc. # 26.)  On March 25, 2014, Magistrate Judge Leen stayed the case for sixty days.  (Doc. # 27.)  On April 17, 2014, the court denied plaintiff's motion for partial summary judgment without prejudice, on account of the stay.  (Doc. # 28.)

On May 23, 2014, the parties submitted a joint status report with proposed procedural deadlines.  (Doc. # 29.)  On June 3, 2014, Judge Leen approved the parties' proposed schedule.  (Doc. # 30.)  On July 3, 2013, Judge Leen granted defendant leave to file a counterclaim.  (Doc. # 33.)

On July 7, 2014, defendant filed a counterclaim for breach of contract and contractual breach of the implied covenant of good faith and fair dealing.  (Doc. # 34.)  On July 23, 2014, plaintiff filed an answer to defendant's counterclaim.  (Doc. # 35.)  The parties then filed the instant motions.

On November 14, 2014, the parties filed a stipulation and order to continue pending procedural deadlines to allow for project completion.  (Doc. # 48.)  On December 15, 2014, Judge Leen granted the stipulation, extending the discovery deadline to September 7, 2015.  (Doc. # 56.)

**II.     Legal Standard**

   *i.     Judgment on the pleadings*

Motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) are "functionally identical" to motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). The primary difference between the two is that a "Rule 12(c) motion, unlike a Rule 12(b)(6) motion, implicates the pleadings as a whole, and not merely the complaint." *Amerson v. County of Clark*, 2011 WL 4433751, *1-2 (D. Nev. Sept. 21, 2011) (*citing Aponte-Teorres v. Univ. of Puerto Rico*, 445 F.3d 50, 54-55 (1st Cir. 2006)).

In reviewing a motion for judgment on the pleadings pursuant to Rule 12(c), the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). Judgment on the pleadings is appropriate when, taking everything in the pleadings as true, the moving party is entitled to judgment as a matter of law. *Ventress v. Japan Airlines*, 486 F.3d 1111, 1114 (9th Cir. 2007); *Honey v. Distelrath*, 195 F.3d 531, 532 (9th Cir. 1999). The allegations of the nonmoving party must be accepted as true while any allegations made by the moving party that have been denied or contradicted are assumed to be false. *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006).

   *ii.     Summary judgment*

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323-24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the non-moving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159-60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

   *iii.*  *Rule 56(d) continuance*

Federal Rule of Civil Procedure 56(d) states that "if a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d)(2).

"The requesting party must show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; (3) the sought-after facts are essential

to oppose summary judgment." *Family Home and Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).

**III.  Discussion**

    *i.  Judgment on the pleadings*

Defendant first moves for partial judgment on the pleadings as to plaintiff's claim for tortious breach of the implied covenant of good faith and fair dealing. (Doc. # 36.) Defendant argues that in Nevada, there is no tortious bad faith claim against a surety as a matter of law. (Doc. # 36.)

Plaintiff responds that Nevada courts have precluded bad faith claims only by principals against sureties. Plaintiff argues that its case is distinguishable because plaintiff is an obligee suing a surety for bad faith. (Doc. # 40.)

Claims for tortious breach of the implied covenant of good faith and fair dealing arise only in cases in which a special relationship exists. *Ins. Co. of the West v. Gibson Tile Co.*, 134 P.2d 698, 702 (Nev. 2006). The Nevada Supreme Court has declined to extend this liability to sureties. *Id.* ("[A] suretyship relationship is not a special relationship giving rise to the tortious breach of good faith and fair dealing . . . ."); *Great Am. Ins. v. Gen. Builders*, 934 P.2d 257, 263 (Nev. 1996).

Tort liability for bad faith is intended to remedy "vastly superior bargaining power," particularly in the insurance industry. *Gibson Tile*, 134 P.2d at 461-62 (citing *Aluevich v. Harrah's*, 660 P.2d 986, 987 (Nev. 1983)). The Nevada Supreme Court has rejected extending this principle to the surety context, where contracting parties are "both experienced commercial entities . . . never in inherently unequal bargaining positions." *Great American*, 934 P.2d at 263.

While plaintiff attempts to distinguish these cases based on the status of the parties, the court does not find plaintiff's distinctions persuasive. Plaintiff fails to point to any Nevada law supporting its claim. Although plaintiff suggests that *Gibson Tile* and *Great American* should be confined to their facts, this reading does not comport with the broad language of the Nevada Supreme Court's holdings in those cases.

In further support of its motion, defendant cites a California Supreme Court case holding that performance bond obligees may not recover for tortious bad faith. *See Cates Constr., Inc. v. Talbot Partners*, 21 Cal.4th 28, 60-61 (Cal. 1999). Plaintiff maintains that the Nevada Supreme Court would

reject *Cates*, citing numerous cases from other jurisdictions. (Doc. # 40.)

Plaintiff's arguments are unconvincing. Nevada looked to California law in adopting the tortious bad faith cause of action. *See U.S. Fid. & Guar. Co. v. Peterson*, 540 P.2d 1070, 1071 (Nev. 1975). Further, the court in *Cates* adopted similar reasoning to that in *Great American* and *Gibson Tile*. *See Cates*, 21 Cal.4th at 60-61 (finding that obligee's interests do not implicate social policy, thus making tortious bad faith claim against surety inappropriate).

Plaintiff's claims do not implicate the public policy or fiduciary responsibilities necessary for a tortious bad faith claim. For these reasons, the court will grant defendant's partial motion for judgment on the pleadings as to plaintiff's fourth claim for tortious breach of the covenant of good faith and fair dealing. This claim will be dismissed.

  *ii. Summary judgment*

Plaintiff moves for partial summary judgment against defendant seeking an order (1) that the liquidated damages clauses in the contracts at issue are enforceable, (2) that defendant is liable for liquidated damages, and (3) awarding liquidated damages. (Doc. # 37.)

Defendant filed a joint response to plaintiff's motion for partial summary judgment and countermotion for a continuance as to plaintiff's motion pursuant to Federal Rule of Civil Procedure 56(d). (Docs. # 42, 43.)

Defendant argues that genuine issues of material fact preclude summary judgment at this time. (Doc. # 42.) Namely, defendant contends that plaintiff contributed to the delays at issue, affecting any liquidated damage amounts for which defendant may be liable. (Doc. # 42.)

Defendant claims that plaintiff delayed BTM's performance under the contract by failing to meet a number of its duties, delaying commencement of projects, and directing changes that extended contract time. (Doc. # 42.) On July 7, 2014, defendant filed a counterclaim on this basis. (Doc. # 34.)

Plaintiff states that defendant's allegations regarding the cause of delays are conclusory "opinions" without citations to record evidence. Accordingly, plaintiff contends that defendant's arguments should not preclude summary judgment. (Doc. 49.) However, plaintiff concedes that defendant's claims, "if true, would create a genuine issue of material fact and defeat [plaintiff's]

motion." (Doc. # 49.)

Plaintiff's motion for summary judgment is premature. At this time, the court cannot conclude that plaintiff is entitled to liquidated damages for all delays as a matter of law. Defendant should be afforded an opportunity to complete discovery regarding the causes of delays at issue.

Plaintiff alternatively argues that it is at least entitled to a liquidated damages award for Bowler Elementary School, because defendant fails to allege delays particular to this project. (Doc. # 49.) This argument is without merit. Defendant's response and motion for a continuance provide grounds to allow further discovery before ruling on the liquidated damages issues in this case.

Plaintiff also contends that even if there is a genuine material dispute over the cause of delays, it is entitled to summary judgment based on the contracts' prohibition on delay damages. (Doc. # 49.) However, as the parties note, "no damages for delay" provisions may be unenforceable in cases of unreasonably long delays, which defendant alleges. *See J.A. Jones Const. Co. v. Lehrer McGovern Bovis, Inc.*, 89 P.3d 1009, 1016 (2004). As a result, summary judgment in favor of plaintiff on this issue is not warranted at this time.

*iii.    Rule 56(d) continuance*

As previously stated, the court finds it appropriate to deny plaintiff's motion for summary judgment as premature. Defendant's request for a Rule 56(d) continuance is therefore moot. However, the court wishes address the parties' arguments regarding a continuance, as they relate to and strengthen the grounds for denying summary judgment at this time.

Defendant argues that it needs additional time in discovery to produce evidence of the precise delays that plaintiff has caused. (Doc. # 43.) Defendant asks for a continuance of time, up to and including April 10, 2015, to oppose plaintiff's motion for partial summary judgment. (Doc. # 43.) Since defendant filed its motion, the discovery deadline in this case was extended from March 6, 2015, to September 7, 2015, with motions due by October 7, 2015. (Doc. # 56.)

In conjunction with its motion for a continuance, defendant filed three affidavits. (Docs. # 44, 45, 46.) In particular, John Fouhy attests to several BTM notices of claims against plaintiff from December 2012 through January 2013. (Doc. # 44.) The attached notices allege that plaintiff caused delays and disruptions in BTM's work by delaying approval of requested changes. (Doc. # 44-1.)

Defendant represents in its motion to continue that it seeks plaintiff's project file, including construction schedules and correspondence concerning scheduling issues. (Doc. # 43.) Defendant also states that it is working to review BTM's project records. (Doc. # 43.)

Defendant notes that it wishes to serve document subpoenas on plaintiff's architects and BTM's subcontractors. It also asserts that it wishes to take depositions on issues related to construction schedules, BTM's performance, and plaintiff's project management. Defendant maintains that it has yet to receive expert analyses that are in progress. (Doc. # 43.)

Plaintiff opposes a continuance on the grounds that defendant has had over one year to obtain the referenced discovery. Plaintiff represents that defendant has failed to conduct any discovery in this time period, instead waiting until October 2014 to serve its first interrogatories on plaintiff. (Doc. # 50.) Plaintiff also argues that defendant's motion merely speculates that additional discovery will be fruitful, without identifying specific facts to be discovered. (Doc. # 50.)

The court disagrees. Defendant's motion includes numerous allegations regarding the information it wishes to discover. Defendant should not be penalized for the extensions of discovery stipulated to and granted in this case. The parties should proceed through discovery, and the court will consider further dispositive motions as appropriate.

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion for partial judgment on the pleadings, (doc. # 36), be, and the same hereby is, GRANTED. Plaintiff's fourth claim for relief is hereby DISMISSED.

IT IS FURTHER ORDERED that plaintiff's motion for partial summary judgment, (doc. # 37), be, and the same hereby is, DENIED without prejudice.

IT IS FURTHER ORDERED that defendant's motion for a Rule 56(d) continuance, (doc. # 43), be, and the same hereby is, DENIED as moot.

DATED this 12th day of January, 2015.

JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE