ALAN J. LEFEBVRE, ESQ.
Nevada Bar No. 000848
WILLIAM D. SCHULLER, ESQ.
Nevada Bar No. 011271
COLBY L. BALKENBUSH, ESQ.
Nevada Bar No. 013066
**KOLESAR & LEATHAM**
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Telephone: (702) 362-7800
Facsimile: (702) 362-9472
E-Mail:   alefebvre@klnevada.com
          wschuller@klnevada.com
          cbalkenbush@klnevada.com

Attorneys for Plaintiff
CLARK COUNTY SCHOOL DISTRICT

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CLARK COUNTY SCHOOL DISTRICT, a political subdivision of the State of Nevada,<br><br>Plaintiff,<br><br>vs.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation,<br><br>Defendant. | CASE NO. 2:13-cv-01100-JCM-PAL<br><br>**STIPULATION AND ORDER REGARDING CLAW BACK AGREEMENT** |

Plaintiff, CLARK COUNTY SCHOOL DISTRICT ("CCSD"), by and through its attorneys at the law firm of Kolesar & Leatham, and Defendant, TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA ("Travelers"), by and through its attorneys at the law firm of Watt, Tieder, Hoffar & Fitzgerald, L.L.P., hereby stipulate and agree pursuant to Federal Rule of Civil Procedure 26(c) and Federal Rule of Evidence 502(e) as follows:

///

1. In the event that any Party (the "Discloser") produces material or documents in the above-captioned action (the "Litigation"), without intending to waive a claim of privilege or confidentiality, the Discloser does not waive any claim of privilege or confidentiality if, within ten (10) business days after the Discloser actually discovers that such material or documents were produced, the Discloser (1) notifies the other Party (the "Recipient") of the inadvertent disclosure of the privileged or confidential items, (2) describes the nature of the privileged or confidential items that were inadvertently disclosed—and does so in a manner that, without revealing information itself privileged or protected, enables the Recipient to assess the claim and (3) states whether it is claiming that all the material in the subject document is privileged or confidential, or whether it is only claiming that a portion of the material in the subject document is privileged or confidential. Mere failure to diligently screen documents before producing them does not waive a claim of privilege or confidentiality by the Discloser.

2. If the Discloser asserts that it inadvertently produced privileged or confidential items in accordance with this Claw Back Agreement, the Recipient must return the specified material or documents and any copies within ten (10) business days of the notification. The Recipient must further permanently destroy any electronic copies of such specified material or documents and affirm in writing to counsel for the Discloser of such destruction.

3. In the event that the Recipient contends the documents are not subject to privilege or confidentiality as asserted by the Discloser in accordance with this Claw Back Agreement, the Recipient may, following the return and destruction described in Paragraph 2 of this Agreement, challenge the privilege or confidentiality claim through filing a Motion to Compel or other motion with the Court in which the Litigation is currently pending. The Parties agree that any review of items by the Court shall be an *in camera* review.

4. If the Recipient does not challenge the Discloser's claim of privilege or confidentiality within ten (10) business days of receiving notice of said privilege/confidentiality, the documents, and any information contained therein, may not be used in the Litigation or against the Discloser in any future litigation or arbitration brought by the Recipient. Alternatively, if the Recipient does challenge the Discloser's claim that the documents are

subject to privilege or confidentiality, the discoverability and use of the documents and any information contained therein in the Litigation and against the Discloser in any future litigation or arbitration brought by the Recipient, will be determined by the Court. However, whether or not the Recipient challenges the Discloser's claim that the documents are subject to privilege or confidentiality, and with regard to information contained in a privileged or confidential document that is (1) not privileged or confidential information and (2) obtained from a separate non-privileged and non-confidential document or source, such information may still be used in the Litigation and/or in future litigation or arbitration even though a document containing this information has been deemed privileged/confidential by the Court and/or clawed back by the Discloser.

5. Nothing contained within this Claw Back Agreement shall be deemed to waive any objection that any Party may wish to assert under applicable state or federal law.

DATED this 13 day of April, 2015

**KOLESAR & LEATHAM**

*/s/ Colby Balkenbush/*

ALAN J. LEFEBVRE, ESQ. (Bar No. 848)
COLBY L. BALKENBUSH, ESQ. (Bar No. 13066)
400 South Rampart Boulevard, Suite 400
Las Vegas, NV 89145

Attorneys for Plaintiff,
CLARK COUNTY SCHOOL DISTRICT

DATED this 10 day of April, 2015

**WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P.**

*/s/ David R. Johnson/*

DAVID R. JOHNSON (Bar No. 6696)
JARED M. SECHRIST (Bar No. 10439)
6325 South Rainbow Boulevard, Suite 110
Las Vegas, NV 89118

Attorneys for Defendant,
TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA

**ORDER**

IT IS SO ORDERED.

DATED April 14, 2015.

*/s/ James C. Mahan/*
United States District Court Judge

Page 3 of 3