UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CLARK COUNTY SCHOOL DISTRICT,<br><br>Plaintiff,<br>v.<br>TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,<br><br>Defendant. | Case No. 2:13-cv-01100-JCM-PAL<br><br>ORDER<br><br>(Mot Amd – Dkt. #91) |

The court held a hearing on Travelers Casualty and Surety Company of America's ("Travelers") Motion for Leave to File an Amended Counterclaim and the Second Amended Answer (Dkt. #91) on July 28, 2015. Colby Balkenbush appeared on behalf of Plaintiff, and David Johnson appeared on behalf of the Defendant. The court has considered the Motion, the Supporting Affidavit of David R. Johnson (Dkt. #92), CCSD's Opposition (Dkt. #97), Travelers' Reply (Dkt. #102) and Supplemental Affidavit of David Johnson (Dkt. #103), as well as the arguments of counsel at the hearing.

**BACKGROUND**

This case arises out of performance and payment bonds issued by Travelers on behalf of its principal Big Town Mechanical, LLC. Clark County School District ("CCSD") entered into fifteen separate contracts with Big Town Mechanical for modernization of HVAC systems at fifteen different schools. Performance bonds were issued for each of the fifteen projects in which Travelers guaranteed the completion of Big Town Mechanical's work. On May 13, 2013, Big Town Mechanical filed for protection under the Bankruptcy Code. CCSD made a demand that Travelers complete all of the projects in accordance with its payments and performance bonds. CCSD and Travelers eventually entered into a takeover agreement effective December 19, 2013, in which Travelers agreed to complete the remaining work on all fifteen projects.

1

In the current motion, Travelers seeks leave to file an amended counterclaim and a second amended answer asserting an additional affirmative defense that CCSD wrongfully terminated its contract with Big Town Mechanical in violation of its contracts. Travelers also seeks leave to assert a counterclaim for reimbursement of sums it paid to complete the work based upon CCSD's alleged improper termination of Big Town Mechanical.

CCSD opposes the motion arguing Travelers unduly delayed seeking leave to amend. CCSD acknowledges that leave to amend is liberally allowed. However, piecemeal litigation should be discouraged and the right to amend is not absolute. CCSD's unreasonable delay arguments are based on the fact that Travelers' wrongful termination counterclaim and affirmative defense is premised on contractual provisions in the contracts between CCSD and Big Town Mechanical that Travelers has had every opportunity to review since the inception of this case. Travelers has already received leave to amend the complaint earlier this year to assert a setoff affirmative defense and could have, but purposely chose not to, include this affirmative defense and counterclaim.

CCSD argues it would be unduly prejudiced if the court allowed the amendment because it has propounded written discovery, noticed depositions and generally litigated this case taking into account Travelers' existing claims and affirmative defenses. Finally, CCSD argues proposed amendments would be futile because Travelers waived the termination requirement by agreeing to step in for Big Town Mechanical under the performance bond. The performance bond may require that CCSD, as owner, to declare its contractor, Big Town Mechanical, in default to activate Travelers' obligations under the bond. Travelers admits CCSD did declare Big Town in default in its motion. Some courts have held that a surety is not relieved of liability where it did not receive notice under the Standard AIA 311 Bond unless the surety can demonstrate prejudice and Travelers has not asserted that it was prejudiced from any alleged lack of formal notice.

Travelers replies that motions to amend the pleadings under Fed. R. Civ. P. 15 are freely granted. The purpose of the amendment is to claim that CCSD failed to fulfill its contractual obligations to properly terminate any Big Town Mechanical contracts. As a result, Travelers

1  claims CCSD's termination of Big Town Mechanical was wrongful, CCSD's declarations of
2  default were improper, invalidating the bond claims, and as a result, Travelers is entitled to
3  reimbursement from CCSD for all of the costs it incurred to complete the projects.  Travelers
4  asserts it could not determine whether a valid wrongful termination and reimbursement claim
5  and defense existed until it was able to confirm that CCSD failed to fulfill its termination
6  obligations to Big Town Mechanical and Travelers.  It did not obtain CCSD job files for the
7  subject projects until May 12, 2015, 38 days before Travelers filed this motion.  Travelers is
8  obligated to refrain from asserting a claim unless it has a Rule 11 basis supporting the claim.
9  Travelers has conducted discovery and served subpoenas on the architects through all fifteen
10 projects attempting to obtain the evidence that termination notices and architect certifications
11 were obtained for the project.

12 Travelers also argues that CCSD will not be unfairly prejudiced by the amendment that
13 was caused partially by CCSD's delay in producing the project files necessary for Travelers to
14 evaluate CCSD's compliance with the contractual termination conditions.  Additionally, CCSD
15 has additional time to engage in any discovery.  Finally, Travelers disputes that the proposed
16 amendments are futile and argues CCSD has not cited any cases supporting its position.

## DISCUSSION

18 The party may amend a pleading once "as a matter of course" within 21 days after
19 serving it. Fed. R. Civ. P. 15(a)(1)(A).  After the time for amendment as a matter of course has
20 expired, a party may amend its pleading only by leave of court or by the other party's written
21 consent. Fed. R. Civ. P. 15(a)(2).  The court has discretion to grant leave and should freely do so
22 "when justice so requires."  *Id.*; *See* also *Allen v. City of Beverly Hills*, 911 F.2d 357, 373 (9th
23 Cir. 1990).  Nonetheless, courts may deny leave to amend if it causes: (1) undue delay; (2) undue
24 prejudice to the opposing party; (3) the request is made in bad faith; (4) the party has repeatedly
25 failed to cure deficiencies; or (5) the amendment would be futile. *Leadsinger, Inc. v. BMG*
26 *Music Publ'g,* 512 5.3d 522, 532 (9th Cir. 2008).

27 In exercising its discretion, "a court must be guided by the underlying purpose of Rule
28 15—to facilitate a decision on the merits rather than on the pleadings or technicalities."  *D.C.D.*

3

*Program, Ltd. v. Leighton,* 833 F.2d 180, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1991)). A party opposing the amendment bears the burden of showing prejudice. *Id.* at 187.

In evaluating undue delay, the court should also inquire "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *AmerisoruseBergen Corp. v. Dialysist West, Inc.,* 465 F.3d 946, 953 (9th Cir. 2006). A proposed amendment is futile if no set of facts can be proved under the amendment that would constitute a valid claim or defense. *Miller v. Rykoff-Sexton, Inc.,* 845 F.2d 209, 219 (9th Cir. 1988).

Applying these principles, the court will grant the motion to amend. The motion to amend was timely filed under the court's discovery plan and scheduling order. CCSD has not met its burden of establishing that it will be prejudiced by the amendment. During oral argument, counsel for Plaintiff conceded that allowing the amendment would not require any duplication of discovery, additional depositions or production of documents. CCSD has ample time within the extended discovery plan and scheduling order deadlines to conduct discovery. Nothing in the record suggests that the motion to amend was brought in bad faith, and Travelers has not repeatedly failed to cure deficiencies in its pleadings.

Finally, the two cases CCSD relies upon to support its futility arguments are non-binding, state court cases that relied on Illinois and Florida law, and distinguishable. *Blackhawk Heating & Plumbing Co., Inc. v. Seaboard Surety Co.,* 534 F.Supp 309 (N.D. Ill.) applied Illinois law in a case involving a surety's alleged liability for more than three times the contract price under the performance bond it issued for additional costs caused by a subcontractor's delay. The surety denied liability claiming that an implied condition of the performance bond for recovery was that the general contractor would notify the surety of any delay and give it the opportunity to remedy the delay. The surety claimed that the general contractor's failure to give the notice barred any recovery under its performance bond. The court agreed, in part finding that, to the extent the surety could have remedied the delay, and thereby avoided additional costs if it had been given an opportunity to do so, the surety was not liable for the delay. However, if the

surety could not have remedied the delay even if given notice, then the failure to give notice was immaterial and the surety was liable for delay which could not have been avoided.

In *Plowen & Roberts, Inc. v. Conway*, 92 Southern (??) 2d 528 (Fla. App. 1966), the issue on appeal was the propriety of a final judgment dismissing the amended complaint for failing to state a claim based on a construction subcontract and payment and performance bond. The court reversed dismissal of the complaint on the grounds that the contract requirement of an architect certificate and notice was optional or cumulative; not exclusive of common law remedies; that the surety's rights to complete the work under the performance bond are a matter of affirmative defense and could not be asserted by a motion to dismiss; and on other grounds. CCSD cites no Nevada case to support its arguments that the proposed amendments are futile.

Having reviewed and considered the moving and responsive papers and arguments of counsel,

**IT IS ORDERED** that the Motion for Leave to File an Amended Counterclaim and the Second Amended Answer (Dkt. #91) is **GRANTED**. Travelers shall have until **August 7, 2015,** to file and serve the amended counterclaim and amended answer attached as an exhibit to the Affidavit of Mr. Johnson.

DATED this 31st day of July, 2015.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE