David R. Johnson
Nevada Bar No. 006696
Jared M. Sechrist
Nevada Bar No. 10439
WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P.
6325 South Rainbow Blvd, Suite 110
Las Vegas, NV 89118
Telephone:    702-789-3100
Facsimile:    702-822-2650

Attorneys for
Travelers Casualty and Surety Company of America

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CLARK COUNTY SCHOOL DISTRICT, a political subdivision of the State of Nevada,<br><br>Plaintiff,<br><br>vs.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation,<br><br>Defendant. | CASE NO.: 2:13-cv-01100-JCM-PAL<br><br>**STIPULATION AND ORDER TO CONTINUE PENDING PROCEDURAL DEADLINES APPROXIMATELY 30 DAYS**<br><br>**[THIRD REQUEST]** |
| AND RELATED COUNTERCLAIM | |

Plaintiff Clark County School District ("CCSD") and Defendant Travelers Casualty and Surety Company of America ("Travelers") (collectively, "Parties"), by and through their respective counsel, stipulate and agree to continue pending procedural deadlines for approximately thirty (30) days to allow for obtaining and evaluating the documents for the fifteen (15) subject construction projects and performing related discovery (primarily depositions).

### Background

1.      Beginning in or around April of 2010, CCSD entered into fifteen (15) separate contracts (the "Contracts") with Big Town Mechanical, LLC ("Big Town") pursuant to which Big Town was to perform the upgrade/renovation of the heating, ventilation, and air conditioning

9918746.1 102370.00003

("HVAC") system on 15 elementary schools in Las Vegas (the "Projects").  Travelers, as surety, issued performance bonds on behalf of Big Town ("Bonds").  These Bonds obligated Travelers (under appropriate circumstances) to complete the contracted-for work on the Projects if Big Town failed to do so.

2.      CCSD asserts that Big Town failed to complete the work on many of the Projects and/or Big Town completed the work in an untimely manner.  On May 14, 2013, with the work on many of the Projects still incomplete, Big Town filed for protection under the Bankruptcy Code in an action entitled, "In re: Big Town Mechanical LLC (A Nevada Limited Liability Company)," Case No. BK-S-13-14209-mkn.

3.      In late 2012/early 2013, prior to filing bankruptcy, Big Town made written demands to CCSD for "unpaid change order requests and delay damages."  CCSD denied these demands, arguing that the documentation submitted by Big Town in support of its claims did not demonstrate that CCSD was at fault for the delays.  In the Bankruptcy Action, Big Town listed these same delay claims against CCSD on its bankruptcy schedules ("Big Town Delay Claims").  These claims allege that CCSD is at fault for Big Town's failure to timely complete the Projects and that CCSD is thus liable to Big Town for millions of dollars in damages.  As submitted by Big Town to CCSD, the Big Town Delay Claims total $6,076,725.80 (for 14 of the 15 claims).

4.      CCSD denies that Big Town is entitled to additional compensation in connection with its work on the Projects, and denies the merits of the Big Town Delay Claims.

5.      On June 21, 2013, CCSD filed its Complaint in the instant action (dkt. no. 1) and on August 19, 2013 it filed its First Amended Complaint ("FAC") (dkt. no. 9).  CCSD seeks to compel Travelers to complete the Projects in accordance with the terms of its Bonds and seeks to recover in excess of $11 million dollars in liquidated damages and additional costs it claims to have incurred as a result of Big Town and Travelers' alleged failure to timely complete the Projects.  CCSD contends that the Bonds make Travelers liable for the liquidated damages assessed against Big Town.

6.      On September 6, 2013, Travelers filed its Answer to CCSD's FAC (dkt. no. 10).

7.      On or about December 19, 2013, CCSD and Travelers entered into a Takeover

1   Agreement which sets out the terms of Travelers' completion of the unfinished Projects.

2       8.      Consistent with the Takeover Agreement, Travelers contracted with completion

3   contractor Sletten Construction of Nevada, Inc. ("Sletten") to complete the Contracts.  Sletten

4   began work on the Projects in January 2014.

5       9.      After receiving the Court's permission, on July 7, 2014 Travelers asserted a

6   Counterclaim against CCSD including causes of action for breach of contract and contractual

7   breach of the implied covenant of good faith and fair dealing (dkt. no. 34).   By its

8   Counterclaim, Travelers asserted the Big Town Delay Claims and additional claims.  On July

9   23, 2014, CCSD filed its Answer to Travelers' Counterclaim (dkt. no. 35).

10      10.     Beginning in October 2014, the Parties each filed motions to challenge portions

11  of the claims asserted by or against them.  The Court resolved the motions by its order dated

12  January 12, 2015 (dkt. no. 59).

13      11.     After receiving the Court's permission, on February 18, 2015 Travelers filed an

14  Amended Answer to CCSD's Complaint.

15      12.     After receiving the Court's permission, on August 6, 2015, Travelers filed an

16  amended counterclaim (dkt. no. 107) and a second amended answer to CCSD's first amended

17  complaint (dkt. no. 108).   CCSD filed its answer to Travelers' amended counterclaim on

18  August 24, 2015 (dkt no. 109).

19      13.     In recent months, the Parties have also filed a number of discovery related

20  motions that have since been adjudicated by this Court.  These motions include: (1) CCSD's

21  Motion to Determine Sufficiency of Travelers' Responses to CCSD's Requests for Admissions

22  [dkt. no. 79], (2) CCSD's Motion to Strike Travelers' Thirteenth Affirmative Defense (dkt. no.

23  80), (3) Travelers' Countermotion for Continuance of CCSD's Motion to Strike Travelers'

24  Thirteenth Affirmative Defense (dkt. no. 83), and (4) Travelers' Emergency Motion for a

25  Protective Order Limiting the Deposition of the Person Most Knowledgeable for Travelers

26  (dkt. no. 95).

27                              **Project Status**

28      14.     Big Town contracted with CCSD to perform the upgrade/renovation of the HVAC

system at the fifteen (15) Projects.  After Big Town filed bankruptcy, Travelers, via Sletten, performed work on the Projects.

15.    The Parties agree that the Projects have been completed by Sletten.

**The Remaining Dispute**

16.    The Parties are presently investigating the claims and defenses asserted against each other related to the cost damages incurred in connection with the construction and completion of the Projects, which, in aggregate, involve claimed damages exceeding $17 million. A key issue in this dispute is determining why the Projects took as long as they did to be completed, and who bears responsibility for the costs associated therewith.  The investigation of this issue involves obtaining and reviewing the documentation for each of the fifteen (15) Projects as well as deposing numerous witnesses.  Thereafter, the Parties anticipate producing expert reports that evaluate these documents and Projects.

**Discovery Status**

17.    The Parties have produced their initial disclosure of documents and supplements thereto.  CCSD produced approximately 23,000 documents and Travelers produced approximately 36,000 documents in their initial disclosures.

18.    The Parties have exchanged written discovery consisting of interrogatories, requests for admissions and document demands.  Thereafter, the Parties engaged in an extensive meet and confer process to attempt to resolve perceived issues with their respective discovery responses without the need of burdening the Court with the dispute.  As a result of agreements that were reached during this process, Travelers supplemented its responses to CCSD's interrogatories and document demands.  CCSD also supplemented its responses to Travelers' interrogatories and document demands and produced its project files for each of the fifteen (15) Projects.  The project files CCSD produced total over 175,000 documents and CCSD has produced over 200,000 documents to date in this litigation.

19.    The Parties have both already taken multiple depositions, which occurred on July 13, 2015, July 17, 2015, September 22, 2015, September 23, 2015 and October 7. Additionally, the Parties have noticed and/or are scheduling at least three (3) more depositions

1   during the October/early November 2015 time period.  The Parties expect to notice additional

2   depositions shortly.

3       20.     Travelers served subpoenas duces tecum on each of the fifteen (15) architects of

4   record for the Projects, and produced to CCSD the documents that were obtained.

5       21.     Travelers has obtained access to the Big Town project records that were

6   originally obtained by the Trustee in Big Town's bankruptcy.  CCSD has reviewed these

7   documents.

8                           **The Present Procedural Deadlines**

9       22.     Pursuant to the Order Granting Stipulation to Continue Pending Procedural

10  Deadlines dated May 12, 2015 (dkt. no. 77), the following procedural deadlines ("Procedural

11  Deadlines") have been set:

12              A.      Discovery Cut-Off Date:  January 7, 2016

13              B.      Last Date for Amending Pleadings and Adding Parties:  October 9, 2015

14              C.      Interim Status Report:  November 9, 2015

15              D.      Expert Disclosures Pursuant to Fed. R. Civ. P. 26(a)(2):

16                      1.      Initial Disclosures:  November 9, 2015

17                      2.      Rebuttal Disclosures:  December 10, 2015

18              E.      Last Date for Dispositive Motions:  February 8, 2016

19              F.      Date for Pretrial Order:  March 7, 2016

20              G.      Date for Fed. R. Civ. P. 26(a)(3) Disclosures:  March 7, 2016

21      23.     The Parties agree that it is necessary to have additional time to complete discovery

22  on the claims and defenses asserted in this action, to facilitate the preparation of expert reports,

23  and to schedule and take the depositions of the Parties' experts and other additional witnesses.

24  The Parties believe that this may simplify and narrow some of the issues in dispute, thereby

25  conserving judicial resources.   The Parties recognize, however, that the seasonal holidays

26  (Thanksgiving, Hanukkah, Christmas, New Year's and other holidays) will make it difficult to

27  schedule and complete the discovery necessary to address the claims and defenses.

28  ////

**The Agreed-Upon Proposed Procedural Deadlines**

24.     Under the circumstances, the Parties believe that the Procedural Deadlines should be continued for approximately thirty (30) days, as follows:

        A.     Discovery Cut-Off Date:  February 12, 2016

        B.     Interim Status Report:  December 9, 2015

        C.     Expert Disclosures Pursuant to Fed. R. Civ. P. 26(a)(2):

                1.     Initial Disclosures:   December 9, 2015

                2.     Rebuttal Disclosures:  January 15, 2016

        D.     Last Date for Dispositive Motions:  March 14, 2016

        E.     Date for Pretrial Order:   April 8, 2016

        F.     Date for Fed. R. Civ. P. 26(a)(3) Disclosures:   April 8, 2016

25.     The Parties agree that the present deadline of October 9, 2015 to amend the pleadings and add parties shall remain unchanged.

26.     The Parties request that this stipulation be treated as a joint motion if the Court deems it appropriate or necessary to do so.

DATED this 7th day of October, 2015.

| WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P. | KOLESAR & LEATHAM |
|---|---|
| /s/ David R. Johnson | /s/ Colby L. Balkenbush |
| David R. Johnson, Esq. | Alan J. Lefebvre, Esq. |
| Nevada Bar No. 6696 | Nevada Bar No. 848 |
| Jared M. Sechrist, Esq. | Colby L. Balkenbush, Esq. |
| Nevada Bar No. 10439 | Nevada Bar No. 13066 |
| 6325 South Rainbow Boulevard, Suite 110 | 400 South Rampart Boulevard, Suite 400 |
| Las Vegas, NV 89118 | Las Vegas, Nevada 89145 |
| | |
| Attorneys for | Attorneys for |
| Travelers Casualty and Surety Company of America | Clark County School District |

1

**ORDER**

2       Pursuant to the above Stipulation of the Parties, the Court hereby ORDERS:

3       1.      That the Procedural Deadlines be continued to allow the Parties to complete

4    discovery related to the claims and defenses asserted in this action.

5       2.      That the new Procedural Deadlines are:

6               A.      Discovery Cut-Off Date:  February  12,  2016

7               B.      Interim Status Report:  December 9, 2015

8               C.      Expert Disclosures Pursuant to Fed. R. Civ. P. 26(a)(2):

9                       1.      Initial Disclosures:  December 9, 2015

10                      2.      Rebuttal Disclosures:  January 15, 2016

11              D.      Last Date for Dispositive Motions:  March 14, 2016

12              E.      Date for Pretrial Order:  April 8, 2016

13              F.      Date for Fed. R. Civ. P. 26(a)(3) Disclosures:  April 8, 2016.

14      IT IS FURTHER ORDERED that the present deadline of October 9, 2015 to amend the

15   pleadings and add parties shall remain unchanged.

16      IT IS SO ORDERED this 8th day of October, 2015.

17   _____

18   United States Magistrate Judge

19

20

21

22

23

24

25

26

27

28