ALAN J. LEFEBVRE, ESQ.
Nevada Bar No. 000848
WILLIAM D. SCHULLER, ESQ.
Nevada Bar No. 011271
COLBY L. BALKENBUSH, ESQ.
Nevada Bar No. 013066
**KOLESAR & LEATHAM**
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Telephone: (702) 362-7800
Facsimile: (702) 362-9472
E-Mail: alefebvre@klnevada.com
wschuller@klnevada.com
cbalkenbush@klnevada.com

Attorneys for Plaintiff
CLARK COUNTY SCHOOL DISTRICT

KOLESAR & LEATHAM
401 Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

CLARK COUNTY SCHOOL DISTRICT, a political subdivision of the State of Nevada,

Plaintiff,

vs.

TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation,

Defendant.

CASE NO. 2:13-cv-01100-JCM-PAL

**CLARK COUNTY SCHOOL DISTRICT'S MOTION IN LIMINE TO PRECLUDE TRAVELERS' FROM INTRODUCING EVIDENCE ON ALL TOPICS ON WHICH TRAVELERS' FRCP 30(B)(6) DESIGNEE WAS UNABLE TO PROVIDE ANSWERS IN HIS DEPOSITION**

Clark County School District ("Plaintiff" or "CCSD"), hereby submits its Motion in Limine against Travelers Casualty and Surety Company of America ("Travelers") based on Travelers' decision to produce an entirely unprepared FED. R. CIV. P. 30(b)(6) designee at a recent deposition.

This Motion is made and based upon FED. R. CIV. P. 30(b)(6), FED. R. CIV. P. 37, the deposition transcript of Travelers' Rule 30(b)(6) designee John Fouhy attached hereto as **Exhibit 1**, the papers and pleadings on file, the following Memorandum of Points and Authorities, the additional exhibits attached hereto, and any argument of counsel that the Court will allow upon a hearing of this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

On September 22, 2015, CCSD took the deposition of Travelers' FRCP 30(b)(6) designee. Travelers' designee answered "I don't know"[1] or "I'm not prepared to respond"[2] **to nearly every topic in the deposition notice**. Travelers' designee would then, without fail, refer CCSD to Travelers' expert reports, which, of course, have not yet been prepared or produced. For example, a version of the following exchange occurred repeatedly throughout the deposition:

> CCSD's Attorney: Is it correct that today Travelers cannot give any examples of breaches, bad acts, improper behavior, or CCSD doing anything wrong in connection with the Bendorf Elementary School project? **[an issue expressly covered by Topics 3-9 in CCSD's FRCP 30(b)(6) Notice.]**
>
> Travelers' Designee: Not at this time because our experts' review is not complete.

**Exhibit 1** at 127:17-22.

Travelers' strategy of refusing to answer discovery requests and then referring CCSD to non-existent expert reports is not new. When CCSD propounded requests for admissions ("RFAs") on Travelers, Travelers stated that it could not admit or deny the RFAs because they required an expert analysis. *See e.g,* **Exhibit 2** at p. 11 (Travelers' Response to RFA# 19). When CCSD moved for sanctions, this Court found Travelers' RFA responses, to be "frivolous" and sanctioned Travelers by deeming 15 separate RFAs admitted, the harshest sanction available to the Court at the time. **Exhibit 3** at 9:20-21 ("The motion is granted. I find that your objections are frivolous, and they are stricken.")

---

[1] **Exhibit 1** at 94:11-23 (Deposition transcript of Travelers' 30(b)(6) Designee John Fouhy).

[2] *Id.* at 97:6-10.

KOLESAR & LEATHAM
400 Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

However, Travelers' behavior at its recent FRCP 30(b)(6) deposition shows an even harsher sanction is apparently necessary. Travelers is still refusing to respond to discovery requests and citing the improper excuse that it will answer once it has an expert analysis done. Of course, if Travelers truly believed it could not produce a knowledgeable 30(b)(6) designee on the topics listed in CCSD's deposition notice, Travelers could have moved for a protective order prior to the 30(b)(6) deposition taking place.[3] Travelers did not. Instead, Travelers allowed CCSD's Counsel to spend an entire day listening to answers such as "I don't know" and "I'm not prepared to respond."

There is an appropriate remedy available to the Court. CCSD requests an order from this Court precluding Travelers from introducing any evidence on the topics on which Travelers' FRCP 30(b)(6) designee could not provide an answer during the deposition. Travelers' discovery abuses are repeated and flagrant and thus the punishment will fit the crime. A preclusion order will also serve the salutary purpose of ensuring Counsel for Travelers complies with the rules of discovery in future cases before this Court.

KOLESAR & LEATHAM
400 Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

## II. PROCEDURAL BACKGROUND

On June 29, 2015, CCSD served its First Amended Notice of Deposition of Travelers' FRCP 30(b)(6) designee. On July 6, 2015, Travelers filed an Emergency Motion for Protective Order to bar CCSD's inquiry into Topics 1 and 2 in the deposition notice. [Doc. 95]. Travelers' Emergency Motion only sought to bar CCSD's inquiry into Topics 1 and 2. Travelers did not object to CCSD's inquiry into Topics 3-12 in its Emergency Motion. *Id.*

On July 28, 2015, the Court held a hearing on Travelers' Emergency Motion for Protective Order and denied Travelers' Emergency Motion. After the Court's ruling, CCSD issued a Second Amended Notice of Deposition to Travelers' FRCP 30(b)(6) designee. **Exhibit 4**. Travelers named its Claim Counsel, John Fouhy, as its FRCP 30(b)(6) designee for Topics 1-

[3] Travelers did move for a protective order on a topic that related to Travelers' underwriting of the CCSD Bonds. [Doc. 95]. However, Travelers did not move for a protective order on any of the FRCP 30(b)(6) topics that are the subject of this Motion. Further, Travelers limited motion for protective order was denied by this Court [Doc. 105]. The only topic on which CCSD's inquiry was limited by the Court was inquiry into Travelers' reserve account information. *Id.*

12 in CCSD's deposition notice.[4] **Exhibit 1** at 7:2 – 8:12.

The deposition of Travelers' FRCP 30(b)(6) designee took place on September 22, 2015. Travelers' designee was unable to provide answers to Topics 3, 4, 5, 6, 8, and 9[5] in CCSD's Deposition Notice (**Exhibit 4**), thus necessitating this Motion in Limine.

## III. LEGAL ARGUMENT

### A. Rule 30(b)(6)'s Requirements for Producing a Prepared Designee Are Onerous and Broad and Are Not Met By Referring the Deposing Attorney to Non-Existent Expert Reports Or Collections of Documents

"[A] corporation has a duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter." *Great Am. Ins. Co. of New York v. Vegas Const. Co.*, 251 F.R.D. 534, 539 (D. Nev. 2008). The corporation's Rule 30(b)(6) designee must be "**thoroughly educated about the noticed deposition topics**." *Id.* (emphasis added).

"If necessary, the deponent must use documents, past employees, and other resources in performing this required preparation." *Briddell v. Saint Gobain Abrasives Inc.*, 233 F.R.D. 57, 60 (D. Mass. 2005). "Thus, even if the documents are voluminous and the review of those documents would be burdensome, the deponents are still required to review them in order to prepare themselves to be deposed." *Bd. of Trustees of Leland Stanford Junior Univ. v. Tyco Int'l Ltd.*, 253 F.R.D. 524, 526 (C.D. Cal. 2008).

Further, "in responding to a Rule 30(b)(6) notice or subpoena, **a corporation may not take the position that its documents state the company's position**." *Great Am. Ins. Co.,* 251 F.R.D. at 539 (emphasis added).

///

///

///

[4] For the underwriting issues covered by Topic No. 1 in CCSD's Deposition Notice, Travelers' designated Justin Price as its designee. However, all other issues in in Topics 1-12 were to be covered by John Fouhy.

[5] Travelers' designee was also unable to provide answers to many aspects of Topics 1, 2 and 11. However, CCSD

KOLESAR & LEATHAM
400 Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

**B. This Court Has The Authority to Preclude Introduction of Evidence On All Topics On Which A FRCP 30(b)(6) Designee Was Not Able to Give an Answer.**

A court can impose sanctions if a party's 30(b)(6) designee fails to appear for a deposition. FRCP 37(d)(1)(A)(i). "Producing an unprepared [30(b)(6)] designee is tantamount to a failure to appear, and sanctionable under Rule 37(d)."[6] *Great Am. Ins. Co. of New York v. Vegas Const. Co.*, 251 F.R.D. 534, 542 (D. Nev. 2008). (citing *Black Horse Lane Assoc., L.P. v. Dow Chem. Corp.*, 228 F.3d 275, 304 (3d Cir. 2000)); *see also Resolution Trust Corp. v. S. Union Co.*, 985 F.2d 196, 197 (5th Cir. 1993) (concluding that an unprepared 30(b)(6) designee amounted to a non-appearance); *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 151 (S.D.N.Y. 1997) (same). Thus, under FRCP 37(d)(3), if a party produces an unprepared 30(b)(6) designee, the court can impose any of the sanctions listed in FRCP 37(b)(2)(A)(i)-(vii).

Under FRCP 37(b)(2)(A)(ii), the Court can impose a sanction "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Accordingly, if a party produces an unprepared 30(b)(6) designee, the Court has the authority to preclude the offending party "from offering evidence at trial on the subjects of examination [the 30(b)(6) designee] could not address." *Great Am. Ins. Co.*, 251 F.R.D. at 543; FRCP 37(b)(2)(A)(ii). However, "sanctions that preclude a party from introducing evidence are typically reserved only for flagrant discovery abuses." *Great Am. Ins. Co.* 251 F.R.D. at 543.

///

///

///

///

---

has elected to not seek a sanction of preclusion on those topics at this time.

[6] It should be noted that the 9th Circuit has held that FRCP 37(d) sanctions can only be imposed if the witness literally fails to show up for the deposition. *Estrada v. Rowland*, 69 F.3d 405, 406 (9th Cir. 1995). However, multiple courts have expressly concluded that the *Estrada* decision only applies to normal fact witnesses, not 30(b)(6) designees. *See Black Horse*, 228 F.3d at 304; *Pioneer Drive, LLC v. Nissan Diesel Am., Inc.*, 262 F.R.D. 552, 560 (D. Mont. 2009).

KOLESAR & LEATHAM
400 Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

KOLESAR & LEATHAM
400 Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

### C. When a Corporation's 30(b)(6) Designees Answers "I Don't Know," Courts Regularly Bind the Corporation to That Answer

A Rule 30(b)(6) designee's answers are "binding" on the corporation. *Great Am. Ins. Co.*, 251 F.R.D. at 538. Thus, courts regularly find that corporations are bound to answers like "I don't know" and cannot introduce any evidence which would change that answer. The following holding by a federal district court is instructive:[7] "The court notes further that if Lorillard chooses to designate witnesses who, because of failing memory or lack of knowledge say that "Lorillard does not know the answer" to a given question, **that is itself an answer and Lorillard will be bound by that answer**." *Ierardi v. Lorillard, Inc.*, 1991 WL 66799, at *2 (E.D. Pa. Apr. 15, 1991) (emphasis added).

On a subsequent motion for clarification, the same court stated:

> Under Rule 30(b)(6), defendant has an obligation to prepare its designee to be able to give binding answers on behalf of H & V. **If the designee testifies that H & V does not know the answer to plaintiffs' questions, H & V will not be allowed effectively to change its answer by introducing evidence during trial.**

*Ierardi v. Lorillard, Inc.*, 1991 WL 158911, at *3 (E.D. Pa. Aug. 13, 1991) (emphasis added). In sum, Travelers is bound to its designee's non-responses and cannot introduce any evidence that would expand upon or contradict those responses.

### D. Travelers' Failure to Produce a Prepared FRCP 30(b)(6) Designee Follows a Pattern of Flouting the Rules of Discovery and Merits a Severe Sanction

This is not the first time Travelers has used the pending expert report deadline as an excuse for not responding to CCSD's discovery requests. Previously, Travelers refused to give substantive responses to 15 of CCSD's requests for admissions (RFAs). [Doc. 79]. Travelers justified its non-response to the RFAs as follows:

---

[7] Numerous other federal district court decisions are in accord. *See e.g.*, *Aldridge v. Lake Cnty. Sheriff's Office*, 2012 WL 3023340, at *5 (N.D. Ill. July 24, 2012) ("Regardless of whether defendant failed to prepare its witnesses, or whether there was a genuine lack of knowledge, defendant will not be able to take a position at trial on those issues where one of its Rule 30(b)(6) designees did not provide testimony."); *QBE Ins. Corp. v. Jorda Enterprises, Inc.*, 277 F.R.D. 676, 698 (S.D. Fla. 2012) ("QBE will not be able to take a position at trial on those issues for which Mr. O'Brien did not provide testimony.").

> Objection. This Request violates the Scheduling Order and amendments thereto by prematurely seeking to compel Travelers to produce information requiring an expert's analysis prior to the date on which Travelers is required to disclose expert reports.

**Exhibit 2** at p. 11 (Travelers' Response to RFA# 19). This Court found the above objection to be "**frivolous**" and ordered all 15 RFAs be deemed admitted, a severe sanction. **Exhibit 3** at 9:20-21 (emphasis added).

Amazingly, this severe sanction did not alter Travelers' behavior. Throughout its Rule 30(b)(6) deposition, Travelers again used the pending expert report deadline as an excuse for producing an utterly unprepared Rule 30(b)(6) designee. Below are a couple examples of this:

**Example 1**[8]

> CCSD's Attorney: Can Travelers cite to any specific instances for any of the 15 elementary schools at issue in this litigation specific instances where CCSD delayed or disrupted Big Town Mechanical's work on any of those schools? [Topic No. 4 in CCSD' Deposition Notice[9]]
>
> Travelers' Designee: At this time Big Town Mechanical's affirmative claims and supporting documents are being reviewed to determine that information and reviewed by our experts to determine that.
>
> . . .
>
> CCSD's Attorney: But as you sit here you can't give me any specific examples of instances where CCSD delayed or disrupted Big Town's work, correct?
>
> Travelers' Designee: Not at this time.

**Example 2**[10]

> CCSD's Attorney: But today Travelers can't give any examples of acts or omissions by CCSD involving the 15 elementary school projects, correct? [Topic Nos. 6 and 8 in CCSD's Deposition Notice[11]]

---

[8] **Exhibit 1** at 75:23 – 76:6; and 77:13-16.

[9] **Exhibit 4** at 3:7-13.

[10] **Exhibit 1** at 131:10-14.

[11] **Exhibit 4** at 3:19-24 and 4:3-7.

KOLESAR & LEATHAM
400 Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

> Travelers' 30(b)(6) Designee: Not at this time because our experts' reviews are not completed yet.

The above examples demonstrate Travelers' flagrant abuse of the discovery process. Despite already having been sanctioned for its "frivolous" responses to CCSD's RFAs, Travelers elected to frustrate CCSD's Rule 30(b)(6) deposition with the same tired excuse this Court has already ruled is "frivolous." This behavior merits a severe sanction that goes beyond merely awarding CCSD fees and costs and ordering a new deposition. Travelers should be precluded from entering evidence on all deposition topics for which it refused to give a substantive response.

**E. Travelers' Counsel and Its Rule (30(b)(6) Designee Repeatedly Stated During the Deposition that the Deponent was Its Designee On All Topics in CCSD's Deposition Notice. This is an Additional Basis for Precluding Any New Evidence on The Topics in CCSD' Deposition Notice**

KOLESAR & LEATHAM
400 Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

Rather than admitting that its Rule 30(b)(6) designee was unprepared, Travelers doubled down in the deposition and affirmed that the designee was prepared to answer questions on all the topics in CCSD's deposition notice.

> CCSD's Attorney: Are you Travelers' Rule 30(b)(6) designee for Topics 3 through 12 in Exhibit 67? [CCSD's 30(b)(6) deposition notice which is attached hereto at **Exhibit 4**]
>
> Travelers' Designee: Yes.

**Exhibit 1** at 8:10-12

> CCSD's Attorney: I understand that you are here as the Rule 30(b)(6) designee of Travelers; is that correct?
>
> Travelers' Designee: Yes.
>
> Travelers' Counsel: Just to be clear, he is the 30(b)(6) designee on all topics in your notice, second amended notice, except for Category No. 1, underwriting issues.

*Id.* at 6:3-10.

Given Travelers repeated affirmance that its designee was prepared to answer questions on CCSD's deposition topics, there is no reason to allow Travelers to introduce any new

evidence on those topics. Travelers chose its designee, its designee provided answers, and Travelers is now bound to those answers and cannot introduce new evidence to expand on them.

**F. Travelers Failed to Move For a Protective Order Prior to the FRCP 30(b)(6) Deposition Taking Place. This is Another Factor That Weighs in Favor of a Severe Preclusion Sanction.**

In its Opposition to this Motion, Travelers will no doubt argue that it was impossible to adequately prepare a 30(b)(6) designee on CCSD's topics because the topics require expert analysis. However, FRCP 37(d)(2) provides that:

> a failure [to produce a prepared 30(b)(6) designee] is not excused on the ground that the discovery sought was objectionable, **unless the party failing to act has a pending motion for a protective order under Rule 26(c).**

Here, Travelers failed to file a motion for protective order to bar Topics 3, 4, 5, 6, 8, and 9 in CCSD's deposition notice.[12] Thus, **Travelers has waived any argument that those topics are improper because they require expert analysis**. This is an additional factor that weighs in favor of a preclusion order/sanction. Travelers had every opportunity to object prior to the deposition and it didn't. Travelers is now stuck with its answers.

Further, the fact that a party might be aided by expert analysis of an issue does not excuse that party from producing a prepared Rule 30(b)(6) deponent. Again, the corporation's Rule 30(b)(6) designee must be "thoroughly educated about the noticed deposition topics." *Great Am. Ins. Co.*, 251 F.R.D. at 539. "If necessary, the deponent must use documents, past employees, and other resources in performing this required preparation." *Briddell v. Saint Gobain Abrasives Inc.*, 233 F.R.D. 57, 60 (D. Mass. 2005). If necessary, Travelers was required to have its designee speak with Travelers' experts to prepare for the deposition. The fact that the expert deadlines have not yet passed is no excuse for producing an unprepared 30(b)(6) designee.

///

///

///

---

[12] These are the topics CCSD is seeking an order of preclusion for.

KOLESAR & LEATHAM
400 Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

**G. Travelers Should Be Precluded From Introducing Evidence on the Following CCSD Deposition Topics: 3, 4, 5, 6, 8, 9, and any Allegations Contained In the Big Town Mechanical Affirmative Claim Letters to CCSD**

CCSD is seeking an order from this Court precluding Travelers' from introducing any new evidence on the following topics in CCSD's deposition notice: Topic Nos. 3, 4, 5, 6, 8, and 9. *See* **Exhibit 4** (CCSD's Deposition Notice). Below CCSD has inserted (1) the deposition topic and (2) Travelers' response showing that it was unprepared to answer questions on that topic.

CCSD has chosen representative non-responses for each of the Topics that show how unprepared Travelers' designee was. However, there were many more non-responses throughout the deposition that CCSD has not included in this Motion for purposes of brevity. *See e.g.*, Pages 59-167 of **Exhibit 1** which are riddled with admissions by the designee that he is unprepared and cannot give an answer.

KOLESAR & LEATHAM
400 Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

**1. Preclusion is Appropriate on Topic No. 3**

**Deposition Topic No. 3:** Travelers' person(s) most knowledgeable regarding Travelers' allegation in paragraph 28(a) of the Counterclaim that CCSD "Fail[ed] to pay BTM all amounts owed under each of the Contracts, including Contract work, change order work, and extra work which CCSD directed BTM to perform which BTM, in fact, did perform." The testimony sought includes the subject matter set forth in CCSD Interrogatory No. 6 and Travelers' responses and supplemental responses (if any) thereto. **Exhibit 4** at 3:1-6.

**Travelers' Designee's Response**

> CCSD's Attorney: For Bendorf Elementary School[13] what items of work did CCSD fail to pay Big Town Mechanical for?
>
> Travelers' Designee: Big Town Mechanical's affirmative claims and supporting documents will reflect all that information, which all of that is still being reviewed by our experts to determine the status of those affirmative claims.
>
> CCSD's Attorney: Does Travelers know what items of work CCSD failed to pay Big Town Mechanical for on Bendorf Elementary School?
>
> Travelers' Designee: We still await our experts on those issues.

[13] The Designee's response was the same for all 15 schools. Those responses have been omitted in the interest of brevity, but can be found on pages 51-71 of **Exhibit 1**.

> CCSD's Attorney: So Travelers does not know at this time?
>
> Travelers' Designee: No.

**Exhibit 1** at 61:9-23.

**2. Preclusion is Appropriate on Topic No. 4**

**Deposition Topic No. 4:** Travelers' person(s) most knowledgeable regarding Travelers' allegation in paragraph 28(b) of the Counterclaim that CCSD "Delay[ed] and disrupt[ed] BTM's work on the Projects. In addition to requiring BTM to incur substantial additional costs, these delays were caused by CCSD and were so unreasonable in length – the Projects have been delayed by several years – that it amounts to CCSD's abandonment of the Projects." The testimony sought includes the subject matter set forth in CCSD Interrogatory No. 7 and Travelers' responses and supplemental responses (if any) thereto. **Exhibit 4** at 3:7-13.

**Travelers' Designee's Response**

> CCSD's Attorney: Can Travelers cite to any specific instances for any of the 15 elementary schools at issue in this litigation specific instances where CCSD delayed or disrupted Big Town Mechanical's work on any of those schools?
>
> Travelers' Designee: At this time Big Town Mechanical's affirmative claims and supporting documents are being reviewed to determine that information and reviewed by our experts to determine that.
>
> . . .
>
> CCSD's Attorney: But as you sit here you can't give me any specific examples of instances where CCSD delayed or disrupted Big Town's work, correct?
>
> Travelers' Designee: Not at this time.

**Exhibit 1** at 75:23 – 76:6 and 77:13 – 16.

**3. Preclusion is Appropriate on Topic No. 5**

**Deposition Topic No. 5:** Travelers' person(s) most knowledgeable regarding Travelers' allegation in paragraph 28(c) of the Counterclaim that CCSD "Issu[ed] defective and/or deficient Contract Documents (plans and specifications) in connection with each of the Contracts for the Projects." The testimony sought includes the subject matter set forth in CCSD Interrogatory No. 8 and Travelers' responses and supplemental responses (if any) thereto. **Exhibit 4** at 3:14-18.

**Travelers' Designee's Response**

> CCSD's Attorney: Is it correct that for all 15 of the elementary schools at issue in this litigation Travelers cannot give a single specific example of a time when CCSD issued a defective or deficient contract document on any of those projects?
>
> Travelers' Designee: Not at this time because our experts' review has not been completed to determine that information.

KOLESAR & LEATHAM
400 Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

**Exhibit 1** at 129:24 – 130:6.

**4. Preclusion is Appropriate on Topic Nos. 6 and 8**

**Deposition Topic No. 6:** Travelers' person(s) most knowledgeable regarding Travelers' allegation in paragraph 28(d) of the Counterclaim that CCSD "Perform[ed] acts and/or omissions in connection with the management/oversight of the work under the Contracts for the Projects and/or Contract administration, including resulting delays and disruptions and additional costs associated therewith." The testimony sought includes the subject matter set forth in CCSD Interrogatory No. 9 and Travelers' responses and supplemental responses (if any) thereto. **Exhibit 4** at 3:19-24.

**Deposition Topic No. 8:** Travelers' person(s) most knowledgeable regarding Travelers' allegation in paragraph 29(b) of the Counterclaim that CCSD "Perform[ed] acts and/or omissions in connection with the management/oversight of BTM's work under the Contracts for the Projects (and payment therefore) and/or Contract administration, including resulting delays and disruptions and additional costs associated therewith." **Exhibit 4** at 4:3-7.

**Travelers' Designee's Response**

> CCSD's Attorney: But today Travelers can't give any examples of acts or omissions by CCSD involving the 15 elementary school projects, correct?
>
> Travelers' Designee: Not at this time because our experts' reviews are not completed yet.
>
> . . .
>
> CCSD's Attorney: Today you can't give any examples of improper management or oversight by CCSD on any of the 15 projects; is that correct?
>
> Travelers' Designee: Not at this time because the experts' reviews are not completed.

**Exhibit 1** at 131:10-14 and 131:21-25.

**5. Preclusion is Appropriate on Topic No. 9**

**Deposition Topic No. 9:** Travelers' person(s) most knowledgeable regarding Travelers' allegation in paragraph 30 of the Counterclaim that "Travelers is informed and believes and thereon alleges that Travelers and BTM have performed all terms, conditions, obligations and agreements under each of the Contracts and the Bonds and the Takeover Agreement, or have been excused from doing so by the acts and omissions of CCSD, as alleged herein." The testimony sought includes the subject matter set forth in CCSD Interrogatory No. 11 and Travelers' responses and supplemental responses (if any) thereto. **Exhibit 4** at 4:8-14.

**Travelers' Designee's Response**

> CCSD's Attorney: And today Travelers can't give any specific instances for any of the 15 schools as to what those acts or omissions were that excused Big Town Mechanical's failure to complete?
>
> Travelers' Designee: Correct, not at this time because our experts' review is not complete.

KOLESAR & LEATHAM
400 Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

KOLESAR & LEATHAM
400 Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

**Exhibit 1** at 160:10-15.

### 6. Preclusion is Appropriate on All Allegations Contained Within the 15 BTM Affirmative Claim Letters to CCSD Which Travelers Referenced in Its Interrogatory Responses

As shown above, many of the topics in CCSD's Rule 30(b)(6) deposition notice required that Travelers produce the person most knowledgeable for a particular interrogatory response. In many of Travelers' interrogatory responses, Travelers referred CCSD to certain bates numbered documents called the "BTM Affirmative Claims." For example, in its response to Interrogatory No. 7, Travelers stated in part:

> BTM's claims are in writing and contain a detailed explanation of their bases. See, for example, documents identified by bates stamp nos. as TRAV043302-TRAV043305,TRAV098064-TRAV098067, TRAV098068-TRAV098073, FON000876-FON000881, HER000415-HER000420, HIL001390-HIL001393, KAH002093-KAH00002098, LUN001226-LUN001299, MAC000686-MAC0689, MIT001570-MIT001573, PER00863-PER00868, THO001414-TH01417, WOL001700-WOL001703, and WYN002593-WYN002596.

**Exhibit 5** at 19:18-23 (Travelers' Response to Interrogatory No. 7).

Thus, during the deposition CCSD introduced the BTM Affirmative Claims that Travelers referenced in its response to Interrogatory No. 7 and asked Travelers' designee to answer questions about these documents. This was clearly a topic Travelers' designee was required to be prepared for.[14] Topic No. 4 of CCSD' 30(b)(6) deposition notice states in part as follows: "Travelers' person(s) most knowledgeable regarding . . . the subject matter set forth in CCSD Interrogatory No. 7 <u>and Travelers' responses and supplemental responses (if any) thereto</u>." **Exhibit 4** at 3:7-13 (emphasis added).

However, Travelers' 30(b)(6) designee was unable to answer any questions about the BTM Affirmative Claims. An example of Travelers' typical response is below. All of the below questions asked by CCSD's Counsel are taken directly from the bates numbered documents describing the BTM Affirmative Claims **that Travelers cited to in its Interrogatory Response**

---

[14] During the deposition, Travelers' designee stated that he was Travelers Rule 30(b)(6) designee "**for all things associated with Interrogatory No. 7.**" **Exhibit 1** at 75:3-8 (emphasis added).

**to Interrogatory No. 7**[15] (i.e. documents that Travelers' Designee was required to be prepared to explain).

**<u>Travelers' Designee's Response</u>**[16]

> <u>CCSD's Attorney</u>: Is it correct that as Travelers stands here today Travelers cannot cite me one specific delay caused by CCSD regarding Grant Bowler Elementary School?
>
> <u>Travelers' Designee</u>: Our experts' review of that information is not completed so we don't have that information yet.
>
> <u>CCSD's Attorney</u>: So right now you can't give me one specific example, correct?
>
> <u>Travelers' Designee</u>: Not at this time.
>
> <u>CCSD's Attorney</u>: I refer you to the second-to-the-last sentence in the paragraph which states, "These delays are the result of the owner's negligent or intentional conduct." Do you see that sentence?
>
> <u>Travelers' Designee</u>: Yes.
>
> <u>CCSD's Attorney</u>: Can Travelers cite to one specific example of CCSD's negligent or intentional conduct as it relates to the Grant Bowler Elementary School project?
>
> <u>Travelers' Designee</u>: Again that information is contained in Big Town Mechanical's affirmative claims, supporting documents, other information related to schedules at all these projects, and that's still being reviewed by our experts to determine that.
>
> <u>Question</u>: But Travelers, you can't cite to one specific example as we sit here of CCSD's negligent or intentional conduct, correct?
>
> <u>Travelers' Designee</u>: Not at this time because our experts' review isn't complete.
>
> <u>Question</u>: I refer you to the very bottom of page 3 where it states, "Big Town Mechanical has incurred more than $278,722.52 in contract damages for which it must be compensated from the owner." That continues on to page 4. Is it correct that Travelers cannot describe exactly how that number, $278,722.52 was arrived at?

---

[15] During the deposition, CCSD showed Travelers' designee the BTM Affirmative Claims that Travelers referenced in its Response to Interrogatory No. 7 and asked questions regarding the allegations in the BTM Affirmative Claims. The BTM Affirmative Claims that were shown to Travelers' Designee are attached hereto as **Exhibit 6**. Travelers' Designee confirmed that the documents contained in **Exhibit 6** are indeed the BTM Affirmative Claims that Travelers referenced in its Response to Interrogatory No. 7.

[16] Counsel for CCSD questioned Travelers' Designee on all 15 of the BTM Affirmative Claims. However, in the interests of brevity only the responses relating to Bowler Elementary School have been pasted into this Motion. Travelers' responses were the same on all 15 BTM Affirmative Claims, namely, "I'm not prepared to respond."

KOLESAR & LEATHAM
400 Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

> Travelers' Designee: The specific information concerning contract losses and delay damages is all part of Big Town Mechanical's affirmative claims and supporting documents which are being reviewed, so at this time I'm not prepared to respond.

**Exhibit 1** at 96:7 – 97:22.

Given Travelers' utter failure to provide substantive responses regarding the BTM Affirmative Claims, it is appropriate to preclude Travelers from introducing any new evidence on those claims that would contradict its above non-response of "I Don't' Know." CCSD requests that Travelers be barred from introducing any new evidence relating to the allegations in the BTM Affirmative Claims, which are attached hereto as **Exhibit 6**. Travelers' Designee was required to be prepared to answer questions on the BTM Affirmative Claims but was unable to give any substantive responses.

## IV. CONCLUSION

Travelers' production of an utterly unprepared 30(b)(6) designee is a flagrant violation of the rules of discovery. Further, Travelers' excuse for being unprepared is the same excuse this Court has already sanctioned Travelers for—namely, that expert analysis is necessary to answer the questions. Expert analysis was not necessary to address the topics listed in CCSD's deposition notice and even if expert analysis was necessary, Travelers was required to have its designee prepare by speaking with Travelers' expert.

This Court's prior sanction of deeming Travelers responses to certain RFAs admitted was apparently not sufficient to ensure Travelers' compliance with the rules of discovery. A more severe sanction is required.

CCSD requests that this Court issue an order precluding Travelers from introducing any new evidence that would contradict Travelers' response of "I Don't Know" for the following CCSD deposition topics: 3, 4, 5, 6, 8, and 9. *See* **Exhibit 4**. (CCSD Deposition Notice).

///

///

///

///

KOLESAR & LEATHAM
400 Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

CCSD further requests that this Court issue an order precluding Travelers from introducing any new evidence that would contradict Travelers' response of "I Don't Know" regarding the allegations in the BTM Affirmative Claims, which are attached hereto as **Exhibit 6**.

DATED this 19th day of October, 2015.

KOLESAR & LEATHAM

By [signature]

ALAN J. LEFEBVRE, ESQ.
Nevada Bar No. 000848
WILLIAM D. SCHULLER, ESQ.
Nevada Bar No. 011271
COLBY L. BALKENBUSH, ESQ.
Nevada Bar No. 013066
400 South Rampart Boulevard
Suite 400
Las Vegas, Nevada 89145

Attorneys for Plaintiff
CLARK COUNTY SCHOOL DISTRICT

KOLESAR & LEATHAM
400 Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

KOLESAR & LEATHAM
400 Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Kolesar & Leatham, and that on the 19th day of October, 2015, I caused to be served a true and correct copy of foregoing **CLARK COUNTY SCHOOL DISTRICT'S MOTION IN LIMINE TO PRECLUDE TRAVELERS' FROM INTRODUCING EVIDENCE ON ALL TOPICS ON WHICH TRAVELERS' FRCP 30(B)(6) DESIGNEE WAS UNABLE TO PROVIDE ANSWERS IN HIS DEPOSITION** in the following manner:

(ELECTRONIC SERVICE) Pursuant to Rule 5-4 of the Local Rules of Civil Practice of the United States District Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

Mary A. Barnes
An employee of Kolesar & Leatham